LUNSFORD DOLE PHILLIPS #4407
500 Ala Moana Blvd., Suite 7400
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordphillips@icloud.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL PERIUS<br>　　Plaintiff,<br><br>　　vs.<br><br>KAHILI DEVELOPMENT<br>CO., INC.; ACE HARDWARE,<br>HAWAII, INC.; and CHANEY,<br>BROOKS & COMPANY LLC<br>　　Defendants | CIVIL NO.<br><br><br>COMPLAINT;<br>SUMMONS |

COMPLAINT

Plaintiff MICHAEL PERIUS, through his undersigned counsel, avers and alleges:

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101 et seq., and this Court has pendent jurisdiction over the parallel state law claims deriving from the same set of facts.

2. Venue lies in this Court because all events material hereto occurred within the District of Hawaii.

3. Plaintiff PERIUS ["Plaintiff"] is an amputee with substantially limited mobility, a physical condition that qualifies him as a disabled person under federal and state law.

4. Defendant KAHILI DEVELOPMENT CO., INC. ["KAHILI"] does business in Hawaii as domestic profit corporation, duly registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division as being engaged in shopping center operation. KAHILI is a public accommodation that owns the Kapaa Center, located at 4-1105 Kuhio Hwy., Kapaa, County of Kauai.

5. Defendant ACE HARDWARE HAWAII, INC. ["ACE"] does business in Hawaii as domestic profit corporation, duly registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division as being engaged in retail merchandising. ACE is a public accommodation, operating a retail store in the Kapaa Center at 4-1105 Kuhio Hwy., Kapaa, County of Kauai.

6. Defendant CHANEY BROOKS & COMPANY LLC ["CHANEY BROOKS"] does business in Hawaii as a domestic limited liability company, duly registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division. CHANEY BROOKS is the property manager of the Kapaa Center, a pubic accommodation located at 4-1105 Kuhio Hwy., Kapaa, County of Kauai.

## FACTS

7. Being a Kauai resident for years, the Plaintiff has patronized the Kapaa Center on virtually a daily basis and intends to do so in the future.

8. He has made numerous complaints to the shopping center's tenants because the shopping center's current parking causes him physical difficulties and emotional distress.

9. Plaintiff was and is substantially limited in mobility because he is an amputee. He needs and will need parking spaces as near businesses' entrances as possible. The shopping center's current parking are not.

10. Plaintiff is benefitted by certain features of physical accessibility at places of public accommodation, including parking that has a certain design, designation, number and location. The ADA tasked the Department of Justice to create accessibility requirements for places of accommodation's physical features including parking.

11. These accessibility requirements for parking are included in the ADA Standards for Accessible Design [ADAAG].

12. Defendants own, lease, operate in and manage the Kapaa Center.

13. In 2020 Plaintiff exhausted his patience waiting for the Defendants to provide the accessible parking required by law. He called one of the businesses directly, contacting various people at Defendant ACE who in turn contacted persons at Defendant CHANEY BROOKS. He waited months to see if the Defendants would voluntarily bring the parking into full compliance. The Defendants did not do so.

14. On June 3, 2021, Plaintiff gave Defendant ACE's representative a written ten day notice to provide parking that complied with the law or face legal consequences.

15. Without notifying the Plaintiff the Defendants did create one more parking space. But the parking still does not fully comply and still denies the Plaintiff non-discriminatory access on a daily basis.

16. So Plaintiff lodged a complaint with the Hawaii Civil Rights Commission and subsequently requested and received his Right-To-Sue notice. This Complaint is timely filed.

## CAUSES OF ACTION

17. Plaintiff brings a cause of action pursuant to 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(a)(2)(A)(iv) based on the Defendants' denying him full and equal enjoyment of their goods, services, and facilities because of failing to remove the barriers presented by their non-compliant parking. Defendants have not provided the required compliant accessible parking although to do so is readily achievable.

18. Plaintiff brings a cause of action pursuant to Hawaii Revised Statutes § 489-3 based on the Defendants' denying him full and equal enjoyment of their goods, services, and facilities because the Defendants do not provide compliant accessible parking.

19. Plaintiff brings a cause of action pursuant to Hawaii Revised Statutes § 291-58 based on the Defendants' failure to provide compliant accessible parking.

## RELIEF SOUGHT

20. Plaintiff seeks both legal and equitable relief.

21. Pursuant to 42 U.S.C. § 12188(a)(1) the Plaintiff seeks an injunction requiring the Defendants to train their managers and administrators on accessibility requirements.

22. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(2) the Plaintiff seeks an injunction requiring the defendants to train their managers and administrators on accessibility requirements.

23. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(1) the Plaintiff seeks damages three times the amount of damages shown at trial for discrimination and emotional distress.

24. Pursuant to Hawaii Revised Statutes § 291-58 the Plaintiff seeks the authorized daily fine of between $250 and $1,000 for every day since June 12, 2021 until the Defendants finally provide fully compliant accessible parking, but at least minimum daily fines for three hundred days.

25. Pursuant to 42 U.S.C. § 12205 the plaintiff seeks all his reasonable attorney's fees and litigation costs, including expert witness expenses, Oahu-Kauai transportation/hotel and personal care attendant charges.

26. Pursuant to Hawaii Revised Statutes §489-7.5(a)(1) the plaintiff seeks all reasonable attorney's fee and costs of litigation, including expert witness expenses, Oahu-Kauai transportation/hotel and personal care attendant charges.

27. Plaintiff requests any and all further relief the Court deems justified by the evidence adduced.

DATED: Honolulu, Hawaii, January 1, 2022

/s/ LUNSFORD DOLE PHILLIPS
    Attorney for Plaintiff